# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

EDWARD THOMAS JOSON,   )
           )
    Plaintiff,   )  Case No.2:12-cv-00710-GMN-NJK
  vs.        )
           )  **ORDER**
BANK OF AMERICA, NA; et al.,  )
           )
    Defendants.  )
           )
_____)

   Before the Court are several motions.  First, is the Motion to Dismiss the Complaint (ECF No. 15) filed by Defendants Bank of America, N.A. ("BANA"), ReconTrust Company, N.A. ("ReconTrust"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and The Bank of New York Mellon *formerly known as* Trustee for the Certificate holders CWALT, Inc., Alternative Loan Trust 2006, 36T2, Mortgage Pass-Through Certificates, Series 2006-36T2 ("Mellon") (collectively "Defendants").  Second, is Defendants' Motion to Strike Plaintiff's 41-page Opposition for violation of LR 7-4. (ECF No. 18.)  Third, is Plaintiff's Motion for Leave to Amend the Complaint, and Defendants' Opposition to the same. (ECF No. 20, 23.)

## I. BACKGROUND

   On April 4, 2012, Plaintiff filed suit in the Eighth Judicial District Court, Clark County, Nevada, relating to the foreclosure proceedings initiated against the property located at 913 Las Palomas Drive, Las Vegas, Nevada 89138 ("the property"). (Compl., ECF No. 1.)  Plaintiff alleges claims for: (1) Negligence Per Se, (2) Fraudulent Misrepresentation, (3) Fraudulent Concealment, (4) Violations of the Nevada Deceptive Trade Practices Act (NRS § 598 et seq.), (5) Quiet Title, and (6) Declaratory Relief. (*Id.*)  Defendants removed the case to this Court on April 27, 2012.

In the Complaint, Plaintiff alleges he took out a loan secured by the property on or about May 30, 2006. (*Id.* at ¶ 9.)  The Deed of Trust associated with this loan named Republic Mortgage as the Lender, Chicago Title Company as the Trustee, and MERS as the nominee beneficiary for the Lender and its successors and assigns. (*Id.* at ¶ 9.)  One month after closing of escrow, Countrywide Home Loans began servicing the mortgage and loan payments. (*Id.* at ¶ 12.)  Thereafter, Bank of America began servicing the mortgage and loan payments. (*Id.* at ¶ 12-13.)  Plaintiff continued making payments until "the combination of the confusing terms of his loan" caused him "to request information about the identity of the debt holder." (*Id.* at ¶ 13.)  In fact, the loan had been securitized, pooled, split, and sold to investors. (*Id.* at ¶ 14.)  Plaintiff alleges that the securitization has caused many multiple transfers and assignments, and that these transfers and assignments have not delivered properly endorsed or assigned mortgage notes. (*Id.* at ¶ 15, 19.)  Plaintiff sought foreclosure avoidance options, but Defendants have refused or avoided assisting Plaintiff in his numerous loan modification attempts. (*Id.* at ¶ 16.)

A Notice of Default was served on Plaintiff on October 19, 2012, by ReconTrust, as agent for MERS. (*Id.* at ¶ 20.)  An Assignment had been executed and recorded by Khadija Gulley acting as Assistant Secretary of MERS, on October 25, 2010, transferring the beneficial interest in the Deed of Trust to Mellon. (*Id.* at ¶ 21.)  On October 25, 2010, Melissa Wiley, acting as Assistant Vice President of Mellon, recorded a Substitution of Trustee, appointing ReconTrust in place of Chicago Title. (*Id.* at ¶ 23.)  On February 24, 2011, Plaintiff received a Notice of Trustee Sale from ReconTrust; the sale was scheduled for March 23, 2011 but was orally postponed three times. (*Id.* at ¶ 24.)  On March 19, 2012, Plaintiff received a second Notice of Trustee Sale from ReconTrust with the sale set for April 10, 2012.  Plaintiff filed suit prior to the sale.

On July 16, 2012, Defendants filed the Motion to Dismiss. (ECF No. 15.)  Thereafter, the Motion to Strike and Motion to Amend were filed. (ECF No. 18, 20.)

## II.   LEGAL STANDARD

### A.   Motion to Strike

Pursuant to Rule 12(f), a "court may strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." Rule 7(a) identifies "pleadings" as the complaint, answer, and reply, but not motions and other papers. Thus, a motion to strike under Rule 12(f) is limited to pleadings. *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("Under the express language of [Rule 12(f)], only pleadings are subject to motions to strike"). However, a district court has the inherent power to strike a party's submissions other than pleadings. *See Metzger v. Hussman*, 682 F.Supp. 1109, 1110 (D. Nev. 1988), *Calkins v. Shapiro & Anderson, L.L.P.*, No. 05-0815-PHX-ROS, 2005 WL 3434718, at *3 (D.Ariz. Dec. 13, 2005); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). The alternative basis for striking improper filings is the district court's "inherent power over the administration of its business. It has inherent authority to regulate the conduct of attorneys who appear before it [and] *to promulgate and enforce rules for the management of litigation . . . .*" *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) (citations omitted) (emphasis added).

### B.   Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### C.   Leave to Amend

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear

that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Leave to amend may be denied if a court determines that "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (*quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## III.   **DISCUSSION**

### A.   **Motion to Strike**

First, the Court must determine which version of the Opposition to the Motion to Dismiss to consider, if any. Defendants correctly argue that Plaintiff's originally filed Opposition violates Local Rule 7-4's 30-page limit. Plaintiff argues that his "counsel was not familiar with LR 7-4's maximum page limit which constitutes as excusable neglect and inadvertent mistake" under Rule 60(b). However, Rule 60(b) is inapplicable as no final judgment, order, or proceeding has been made or taken place.[1] Furthermore, the Court agrees with Defendants that neither ignorance of the federal local rules of practice, nor carelessness on the part of the Plaintiff or his attorney, provide grounds for relief under Rule 60(b). *See Engleson v. Burlington N. R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992); *Smith v. Stone*, 308 F.2d 15, 18 (9th Cir. 1962) (holding an attorney's carelessness whereby he failed to follow ordinary court procedure and rules did not constitute excusable inadvertence or neglect).[2]

Therefore, in exercising its "inherent power over the administration of its business" and "to promulgate and enforce rules for the management of litigation," the Court strikes the 41-page Opposition. Instead, the Court considers the Opposition attached as an exhibit as the

---

[1] To be sure, under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000).
[2] Additionally, even if the Court considered both Oppositions to the Motion to Dismiss, neither supports denial of the Motion to Dismiss.

1  Opposition to the Motion to Dismiss as the updated Opposition comports with Local Rule 7-4

2  and abides by the 30-page limit.

3      **B.**    **Motion to Dismiss**

4         A review of Plaintiff's Complaint shows that the entirety of the action is based on

5  Defendants' securitization of the Deed of Trust, Defendants' failure to negotiate a loan

6  modification, and Defendants' subsequent foreclosure on the Subject Property.  Despite

7  Plaintiff's insistence that the Complaint is not based on theories rejected by this Court, and that

8  "Defendants have simply failed to grasp the gravamen of Plaintiff's Complaint, in terms of

9  either the facts or the law," (Pl.'s Resp. 2:19-20, ECF No. 16), the Court's review shows that

10  every claim asserted by the Plaintiff is, in fact, a rejected theory creatively repackaged.

11         Plaintiff's Complaint relies on legal theories expressly rejected by this Court and the

12  Ninth Circuit, namely "split the note," "show me the note," "extinguished note," "securitization

13  voids the deed of trust," and "sham beneficiary" theories.  *See e.g. Cervantes v. Countrywide*

14  *Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011) (split the note); *Ernestberg v. Mortgage*

15  *Investors Group*, No. 2:08-cv-01304-RCJ-RJJ, 2009 WL 160241, *4–*5 (D.Nev. Jan. 22, 2009)

16  (show me the note), *Dyson Fourness v. Mortgage Elec. Registration Sys., Inc.*, No. 3-10-cv-40-

17  ECR-RAM, 2010 WL 5071049 (D. Nev., Dec. 6, 2010) (extinguish the note); *Chavez v. Cal.*

18  *Reconveyance Co.*, No. 2:10-cv-00325-RLH-LRL, 2010 WL 2545006 (D. Nev. June 18,

19  2010)(securitization voids the deed of trust);*Cervantes v. Countrywide Home Loans, Inc.*, 656

20  F.3d 1034, 1043–1044, 1047 (9th Cir. 2011)(sham beneficiary). Thus, the claims fail as a

21  matter of law and it is absolutely clear that the deficiencies cannot be cured by amendment.

22  Notwithstanding this, the Court addresses the additional arguments in turn.

23        ***1.***    ***Negligence Per Se***

24         Plaintiff's first claim for negligence per se alleges breach of duties enumerated in

25  sections107.080 (statutorily defective foreclosure statute) and 107.086 (Foreclosure Mediation

Program statute) of the Nevada Revised Statutes.

Under Nevada law, violation of a statute constitutes negligence per se where 1) the injured party belongs to the class of persons that the statute was intended to protect, and 2) the injury suffered is of the type the statute was intended to prevent. *Vega v. Eastern Courtyard Associates*, 24 P.3d 219, 221 (Nev. 2001).  Additionally, a plaintiff must still show that the violation of the statute was the proximate cause of his injury. *See Paso Builders, Inc. v. Hebard*, 426 P.2d 731, 736 (Nev. 1967).

Section 107.080, Nevada's non-judicial foreclosure statute, outlines the duties of trustees exercising the power of sale on behalf of the beneficiary. Nev. Rev. Stat. § 107.080.  The statute requires only substantial compliance. Nev. Rev. Stat. § 107.080.  Section 107.086 imposes an additional Foreclosure Mediation Program requirement. Nev. Rev. Stat. § 107.086. Section 107.086 does not require, however, that the beneficiary modify the loan. NRS § 107.086.  Rather the beneficiary need only participate in the mediation in good faith. Nev. Rev. Stat. § 107.086(5).

Here, Plaintiff offers no explanation as to why a violation of section 107.080 could support a negligence per se claim, especially considering that the statute creates a private right of action for statutorily defective foreclosure itself.  The claim is, therefore, not negligence but rather statutorily defective foreclosure.  However, even assuming that a violation of section 107.080 could support a negligence per se claim where a statutorily defective foreclosure claim was not also asserted, Plaintiff has not alleged facts showing that Defendants were in breach of the duties created by these statutes.

As to section 107.080, "Plaintiff maintains there have been numerous improprieties in the assignment, transfer, and exercise of the power of sale through the securitization of Plaintiff's mortgage loan," "Plaintiff's mortgage is purportedly in possession of MELLON therefore, should be identified in a schedule [to the PSA]," and "Plaintiff is requesting the PSA

be presented." (Compl. ¶¶ 37, 41, 42, ECF No. 1-1.)  Thus, the gravamen of Plaintiff's complaint is that the securitization has destroyed chain of title and the Defendants should "show the note" by presenting the PSA.  Although creatively framed, this legal theory has been rejected by this Court and fails for the reasons already explained above.  Moreover, the Court notes that Plaintiff has no standing to sue under the PSA as he is not a party to the PSA or an intended beneficiary of the agreement.  Plaintiff also argues that "Khadija Gulley the purported Assistant Secretary of MERS had no personal knowledge of the Assignment," "was not truly the Assistant Secretary of MERS," and "was not in the presence of a Notary" when the documents were signed.  Taken as true, these claims amount to notary fraud or fraudulent assignment, not a violation of section 107.080.  Thus, section 107.080 cannot be a basis for Plaintiff's negligence per se claim.

As to section 107.086, Plaintiff alleges that he "was not offered any other option to avoid foreclosure."  However, judicially noticed records show that Plaintiff never made a request for mediation or waived the mediation. (Mot. to Dismiss, Ex. E, ECF No. 15.) Therefore, there was no breach of the duty created under section 107.086 and this claim fails.

Therefore, because Plaintiff's claim for negligence per se relies on failed legal theories and judicially noticed documents show unequivocally there has been no breach of the duties asserted, Plaintiff's claims fail as a matter of law and are accordingly dismissed.

### 2.   *Fraudulent Misrepresentation & Fraudulent Concealment*

Plaintiff alleges he was defrauded by Defendants because he was allegedly never informed that the Deed of Trust was more of an investment security, the mortgages were never properly assigned in the chain of title, and purported MERS agents without authority signed documents outside the presence of a notary. (Compl. ¶¶ 54-94, ECF No. 1-1.)

To state a claim for fraud or intentional misrepresentation, a plaintiff must allege three factors: (1) a false representation by the defendant that is made with either knowledge or belief

that it is false or without sufficient foundation; (2) an intent to induce another's reliance; and (3) damages that result from this reliance. *See Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007). However, "for a mere omission to constitute actionable fraud, a plaintiff must first demonstrate that the defendant had a duty to disclose the fact at issue." *Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 110 (Nev. 1998), *overruled on other grounds by GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001). A duty to disclose will be found where the plaintiff shows the existence of a special relationship in which the defendant knew or should have known the plaintiff would "reasonably impart special confidence" in the defendant because of its superior knowledge. *Id.*

A claim of "fraud or mistake" must be alleged "with particularity." Fed. R. Civ. P. 9(b). A complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id.* This requirement ensures that the defendants are on "notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d at 1106.

Here, Plaintiff argues that Defendants should have told him the Deed of Trust would be securitized. However, Plaintiff does not cite any authority to suggest that Nevada law imposes a duty to disclose these facts to borrowers. Thus, as to this allegation, the claims fail. Plaintiff also argues that Countrywide, who is not a party to this litigation, never told him about the role of MERS or the authority that MERS would have as the purported nominee. Defendants have no duty to disclose their superior knowledge of the mortgage process or the role of MERS to Plaintiff because Countrywide, not Defendants, was involved in the transaction between

Plaintiff and his lenders. *See Dow Chem. Co.*, 970 P.2d at 111 (holding that a chemical company had no duty to disclose its superior knowledge of the side effects of silicone implants to the plaintiffs because it was not directly involved in the transaction from which the lawsuit arose and, therefore, any "special confidence" the plaintiffs placed on the chemical company was unreasonable).

Moreover, Plaintiff's claim fails to meet the notice pleading standard, let alone the heightened pleading standard of Rule 9(b). Absent from Plaintiff's complaint is any allegation that he relied, in any way, on any representations or omissions that give rise to a viable claim. This, in and of itself, causes Plaintiff's fraud claims to fail. Plaintiff urges the Court to employ the "relaxed" 9(b) standard because the facts necessary for this pleading are within the defendant's knowledge. Nevertheless, Plaintiff would know what was said to him, or not said to him, to adequately allege a fraud claim. Equally important is that Plaintiff lumps all Defendants together and does not give Defendants any meaningful opportunity to refute or defend against the claims. Thus, the claims are insufficiently pled and are dismissed.

### 3.   *Violations of the Nevada Deceptive Trade Practices Act*

Plaintiff's fourth cause of action alleges deceptive trade practices pursuant to Nevada Revised Statutes §§ 598.0915 and 598.0923. Subsection 598.0915 makes knowingly making any false representation in a transaction a deceptive trade practice. Courts have recognized that the Deceptive Trade Practices act does not apply to real property transactions, but to the sale of goods and services. *See Reyna v. Wells Fargo Bank, N.A.*, No. 2:10-cv-01730-KJD-RJJ, 2011 WL 2690087, *9 (D. Nev. July 11, 2011) ("N.R.S. § 598 ... applies only to goods and services and not to real estate loan transactions."; *see also Alexander v. Aurora Loan Services*, No. 2:09-cv-1790-KJD-LRL, 2010 WL 2773796, *2 (D. Nev. July 8, 2010) ("Plaintiff's claim deals with the sale or lease of real property, not goods or services; therefore [N.R.S. § 598] does not provide an avenue of relief to [p]laintiff."); *Parker v. Greenpoint Mortgage Funding*, No. 3:11-

cv-00039-ECR-RAM (D. Nev. July 15, 2011) (N.R.S. § 598 "does not cover a mortgage foreclosure"). Each of Plaintiff's allegations relating to this claim arises solely out of Defendants' alleged representations, filings, and failures associated with the foreclosure and sale of real property. (Compl. ¶¶ 95-106, ECF No. 1-1.) Plaintiff's claims fail as a matter of law, not because of a lack of factual allegations. Thus, deficiencies of the complaint cannot be cured by amendment. Accordingly, this cause of action is dismissed with prejudice.

### 4.   Quiet Title

Plaintiff's fifth cause of action for quiet title is based upon the fact that "Plaintiff has . . . alleged he has more interest in the property than Defendants."

In Nevada, a quiet title action may be brought "by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.*, 918 P. 2d 314, 318 (Nev. 1996). "Additionally, an action to quiet title requires a plaintiff to allege that she has paid any debt owed on the property." *Lalwani v. Wells Fargo Bank, N.A.*, No. 2-11-cv-00084, 2011 WL 4574388 at *3 (D. Nev. Sep. 30, 2011) (citing *Ferguson v. Avelo Mortg., LLC*, No. B223447, 2011 WL 2139143 at *2 (Cal. App. 2d June 1, 2011). Plaintiff's Complaint fails to allege that he is not in breach of the loan agreement. Moreover, it is immaterial whether Plaintiff has "more interest" than Defendants. Plaintiff must show good title in himself, not "better" title than Defendants; he has failed to do so. Accordingly, this cause of action is dismissed.

### 5.   Declaratory Relief

Plaintiff's sixth cause of action is not a recognized cause of action in Nevada. Declaratory relief is a remedy, not a claim. Accordingly, this "cause of action" is dismissed.

/ / /

1

### C.   Motion to Amend

2   Plaintiff seeks leave to amend his complaint to add additional facts he obtained through

3 his "review of the foreclosure documents and research of the securitization documents" to show

4 "numerous violations of federal and state law that occurred through the securitization of

5 Plaintiff's Promissory Note and Deed of Trust." (Mot. to Am. 3, ECF No. 20.)  However,

6 Plaintiff's Proposed Amended Complaint[3] does not assert any new claims.  Adding facts from

7 the PSA results in futility of amendment because half of Plaintiff's claims fail as a matter of

8 law and the remaining claims fail for failure to allege facts with particularity or lack of breach

9 of the loan agreement.  Additionally, as the Court has already noted, Plaintiff has no standing to

10 sue based on the PSA.

11   As to claims one, four, and six, Plaintiff's claims fail as a matter of law, not because of a

12 lack of factual allegations.  Thus, amendment would be futile.  As to claims two and three,

13 which sound in fraud, Plaintiff's Proposed Amended Complaint does not allege any additional

14 facts to put defendants on notice of the claims against them.  As to claim five, Plaintiff's

15 Proposed Amended Complaint does not allege any facts that he is not in breach of the loan

16 agreement.  In fact, Plaintiff essentially admits he was in default and thus, in breach of the loan

17 agreement.[4]  Thus, as to the breach, Plaintiff cannot allege additional facts consistent with the

18 complaint to cure the deficiencies.

19   Moreover, with respect to the claims before this Court, Plaintiff has been put on notice

20 as to the claims' deficiencies in Defendants' Motion to Dismiss.  Indeed, Plaintiff has already

21 moved for Leave to Amend his Complaint, but the Proposed Amended Complaint fails to state

22 a single claim entitling him to relief.  Thus, this Court finds that granting Plaintiff further leave

23

---

24 [3] The original filing was of such poor quality that the Court required an updated copy to be filed. The Court relies on ECF No. 27-1 as the Proposed Amended Complaint.

25 [4] Not only does Plaintiff not allege that he was not in breach in the amended complaint after being put on notice of the deficiency by Defendants' Motion to Dismiss (ECF No. 15 at 17), Plaintiff also admitted default in the 41-page Stricken Opposition. (ECF No. 16 at 3, "Plaintiff made the mortgage payment... and continued to do so until he became disturbed in the manner that the subject loan was being serviced.")

to amend his complaint would be futile.  Leave to amend is denied.

**IV.** **CONCLUSION**

 **IT IS HEREBY ORDERED** that Defendants' Motion to Strike Plaintiff's Response to Defendants' Motion to Dismiss (ECF No. 18) is **GRANTED**.

 **IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (ECF No. 15) is **GRANTED**.

 **IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (ECF No. 20) is **DENIED**.

 The Clerk of the Court is instructed to close this case.

 **DATED** this 22nd day of March, 2013.

             _____
             Gloria M. Navarro
             United States District Judge